IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,552-02






EX PARTE TOMMY LYNN SELLS









ON APPLICATION FOR WRIT OF HABEAS CORPUS FROM CAUSE NO. 8759-B IN THE 63RD JUDICIAL DISTRICT COURT

VAL VERDE COUNTY




 Per Curiam. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5(a)(3).

 On September 20, 2000, a jury found applicant guilty of the offense of capital murder. 
The jury answered the special issues submitted pursuant to Texas Code of Criminal
Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at
death. This Court affirmed applicant's conviction and sentence on direct appeal. Sells v.
State, 121 S.W.3d 748 (Tex. Crim. App. 2003). Applicant filed his initial post-conviction
application for writ of habeas corpus in the convicting court on January 30, 2003. This Court
denied applicant relief. Ex parte Sells, No. WR-62,552-01 (Tex Crim. App. Aug. 31,
2005)(not designated for publication). Applicant's subsequent application was received in
this Court on September 26, 2006.

 In Atkins v. Virginia, 536 U.S. 304 (2002), the United States Supreme Court held that
the constitution prohibits executing persons who suffer from mental retardation. In the only
claim raised in his subsequent application, applicant asserts that he is mentally retarded and
cannot legally be executed. Because the Atkins decision was handed down prior to the time
applicant filed his initial habeas application, he should have raised the issue of mental
retardation in that application. Because he did not, he can no longer avail himself of the
lower preponderance standard in attempting to make a prima facie case. See Art. 11.071 §
5(a)(1). Instead, he must make "a threshold showing of evidence that would be at least
sufficient to support an ultimate conclusion, by clear and convincing evidence," that he is
mentally retarded. Ex parte Blue, S.W.3d , No. AP-75,254, slip op. at 20 (Tex. Crim.
App. Mar. 7, 2007)(emphasis in original); see also Art. 11.071 § 5(a)(3). Applicant fails to
make this showing. Applicant's subsequent application is dismissed. Id. 

 IT IS SO ORDERED THIS THE 23RD DAY OF MAY, 2007.

Do Not Publish